In Re BUTLER'S ESTATE.

VON SEGGERN, Appellant, v. GREER, Respondent.

(221 N. W. 90.)

(File No. 6022.   Opinion filed September 29, 1928.)

*W. J. Hooper,* of Gregory, for Appellant.

*Hannett & Hannett,* of Winner, and *Verne W. Vance,* of Omaha, Neb., for Respondent.

BROWN, J.  Defendant is the executor of the will of Francis G. Butler, who died in June, 1922, leaving an estate in Tripp

county. Plaintiff filed a claim for $2,000 and some interest against the estate, which was rejected by the executor but allowed by the county court on hearing as a contested claim. The executor appealed to the circuit court; where, on a trial by the court without a jury, decision was given in favor of defendant, and, from the judgment and an order denying a new trial, plaintiff appeals. The evidence is without conflict, and shows that on January 11, 1915, a note for $2,000, payable to Gregory National Bank on July 11, 1915, was executed by plaintiff and Butler; plaintiff's signature being on the first line and Butler's on the second. At maturity the note was paid and taken up by plaintiff. The note when offered in evidence had an indorsement in the handwriting of the vice president of the bank as follows: "June 28, 1921, paid interest to July 11, 1918, $360.00." This indorsement was also offered in evidence, but was excluded on objection of defendant that under the provisions of Code, § 2717, the vice president of the bank was incompetent as a witness to testify to any transaction with Butler. The trial court's judgment in favor of defendant was based on a finding that plaintiff's claim was barred by the statute of limitations, more than six years having elapsed since the maturity of the note and no payments having been made on it by Butler. Plaintiff claims that he signed the note as surety for Butler, and that, Butler failing to pay at maturity, plaintiff was compelled to and did take up the note. Plaintiff himself was disqualified as a witness under section 2717 of the Code, and had to rely entirely on the testimony of others.

John Sully testified that from 1916 to 1920 he lived about 150 yards distant from Butler's homestead; that Butler was a single man, and they often visited together; that on one occasion about 1919 or 1920 Butler had dinner with him at his house, and in the course of conversation Butler stated that he wanted to sell his place, to which Sully replied that he knew of a man-that he thought would buy the place, but it would take too much money for him to handle it, and to this Butler replied that he owed Carl Von Seggern $2,000, and that Carl would be willing to carry that on the place, so that it would not take so much money to handle the deal. Butler said that he had got some money at the Gregory National Bank and was not able to pay it, and that Von Seggern had paid up the note for him.

Fred Huston testified that he was sheriff of Tripp county for four years, from January, 1919, to January, 1923; that prior to that he was postmaster in Gregory, and was well acquainted with Frank Butler and also with plaintiff; that about the year 1914 or 1915 he had a conversation with Butler in regard to plaintiff signing a note for him; that Butler said that he had drawn on a commission house for some hogs, but did not get the hogs, and there was some talk about having him arrested, and he got Von Seggern to sign a note to Gregory National Bank to help him out on it. Huston testified that he had conversations with Butler at different times about this note; that in September or October, 1921, Frank's brother John was short with the county, and the commissioners had been accusing Huston of not trying to get John because he was friendly to him; that on this account Huston went to Frank Butler's place to talk with him about this matter, and Frank promised that, if he would let John alone, he would pay it all back to the county; that Huston had the impression that Von Seggern had a mortgage on Frank's land, and asked him how he was going to fix up with the county, that Carl's mortgage with the interest would take the land, and Frank replied that Carl did not have a mortgage on the land, that he owed Carl the note and had kept the interest paid up on it, owed nothing but the principal, and that Von Seggern had no mortgage on the land.

J. A. Fulwider testified that he had a conversation with Butler shortly before his death in which Butler wanted to sell him his land. Fulwider was satisfied with the price asked, but he told Butler he did not have the money to put into it, to which Butler replied that it would not take so much money, that he had an application in for a loan, and he owed Carl Von Seggern $2,000, and all he wanted was the difference.

None of this evidence was disputed in any way, nor is there anything in the record to indicate that these witnesses were not worthy of credit. The oral admissions of Butler that he owed the debt would not be sufficient to toll the statute of limitations, but payment of interest would, and, from the statement of deceased to Sully that he owed $2,000 on the note which appellant had paid out for him, and his statement to Fulwider that he owed appellant $2,000, it might be implied that he had kept the interest paid up, since he mentioned owing only $2,000, which was the

principal of the note. On an occasion when a business transaction called for a detailed and truthful statement of the fasts as to this note, Butler said to Huston that he owed appellant $2,000 on the note to Gregory National Bank which the two had signed, but that he had kept the interest paid up.

We think the preponderance of the evidence is against the finding that nothing was paid on the note since it became due on July 11, 1915.

The judgment is reversed, but, as the record is vague as to the time to which interest was paid, the cause is remanded for a new trial.

POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BURCH, P. J., disqualified and not sitting.